IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARGARET SAWYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 2:25-cv-511-ECM |
| ) | [WO] |
| PUBLIX SUPER MARKETS, INC., ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

It appears to the Court that the allegations of the notice of removal (doc. 1) are insufficient to invoke this Court's diversity jurisdiction. Plaintiff Margaret Sawyer ("Sawyer") brought this suit against Defendant Publix Super Markets, Inc. ("Publix"). (*See generally* doc. 1-2). On July 11, 2025, Publix filed a notice of removal asserting that this Court has diversity jurisdiction. (Doc. 1).[1] To invoke removal jurisdiction based on diversity, the notice of removal must "distinctly and affirmatively" allege each party's citizenship. *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975).[2]

The notice of removal is deficient because it fails to set forth the citizenship of the Plaintiff, Sawyer. The notice of removal states that Sawyer is "an adult resident of

---

[1] "[T]he removing party bears the burden of showing the existence of federal jurisdiction." *Pacheco de Perez v. AT&T Co..*, 139 F.3d 1368, 1373 (11th Cir. 1998).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Montgomery County, Alabama." (Doc. 1 at 4).[3] But for diversity purposes, "[c]itizenship, not residence, is the key fact that must be alleged to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). "[D]omicile (or citizenship) consists of two elements: residency in a state and intent to remain in that state." *Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021). The notice of removal only sets forth Sawyer's residency—not citizenship. Therefore, the notice of removal does not adequately establish the grounds for this Court to assume jurisdiction. Accordingly, and for good cause, it is

ORDERED that on or before **August 6, 2025,** Publix shall amend their notice of removal to sufficiently allege jurisdiction. If Publix fails to do so, the Court may remand this case to the Circuit Court of Montgomery County, Alabama, for lack of subject matter jurisdiction.

DONE this 28th day of July, 2025.

          /s/ Emily C. Marks
        EMILY C. MARKS
        CHIEF UNITED STATES DISTRICT JUDGE

---

[3] For clarity, the Court refers to the document and page numbers generated by the Court's CM/ECF filing system.

2