IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARGARET SAWYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-511-ECM |
| | ) | [WO] |
| PUBLIX SUPER MARKETS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

It appears to the Court that the allegations of the amended notice of removal (doc. 10) are insufficient to invoke this Court's diversity jurisdiction. On August 6, 2025, the Defendant, Publix Super Markets, Inc. ("Publix") filed an amended notice of removal asserting that this Court has diversity jurisdiction. (*See id.*). "[T]he removing party bears the burden of showing the existence of federal jurisdiction." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). To invoke removal jurisdiction based on diversity, "[t]he removing party must make 'an affirmative showing . . . of all the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted.'" *Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1362 (M.D. Fla. 1998)[1] (quoting *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961)).[2]

---

[1] Here and elsewhere in this Order, the Court cites nonbinding authority. While the Court recognizes that these cases are nonprecedential, the Court finds them persuasive.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

From a review of the amended notice of removal, it appears to the Court that Publix has failed to satisfy the amount in controversy requirement. (*See* doc. 10 at 5–10). Publix's representation that the Plaintiff has submitted medical bills totaling $39,074.45 is insufficient to satisfy the $75,000 threshold to support diversity jurisdiction. (*Id.* at 8). Publix's assertions that the Plaintiff has claimed severe injuries and that the Plaintiff's claims could support an award of punitive damages, absent more, do not appear sufficient to bridge the gap. *See Gilbert v. State Farm Mut. Auto. Ins. Co.*, 95 F. Supp. 3d 1358, 1361 (M.D. Fla. 2015) ("When the amount in controversy is not apparent on the face of the complaint, a court will permit the use of 'deduction, inference, or other extrapolation of the amount in controversy'; however, these deductions and extrapolations are not without bounds." (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 753 (11th Cir. 2010))).

Accordingly, and for good cause, it is

ORDERED that on or before **September 5, 2025**, Publix shall amend their notice of removal to sufficiently allege jurisdiction. If Publix fails to do so, the Court may remand this case to the Circuit Court of Montgomery County, Alabama, for lack of subject matter jurisdiction.

DONE this 22nd day of August, 2025.

                                          /s/ Emily C. Marks
                                      EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE