IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARGARET SAWYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-cv-00511-BL |
| ) | |
| PUBLIX SUPER MARKETS, INC., ) | |
| ) | |
| Defendant. ) | |

# SCHEDULING ORDER

**Please read this Order carefully. These deadlines and responsibilities may not be changed without leave of court. All parties are expected to comply with each and every provision of this Order in a timely manner. The parties shall also comply with the** *Local Rules of the Middle District of Alabama* **and the** *ALMD Guidelines to Civil Discovery Practice*, **and shall endeavor to follow the** *Alabama Code of Professional Courtesy*, **all of which can be found on the court's** webpage, **unless otherwise modified by this Order or the court.**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the court is required to set a schedule for discovery, the filing of motions, and trial. Accordingly, it is

**ORDERED** as follows:

**SECTION 1: Trial and Pretrial Dates.** A pretrial conference is scheduled for **March 4, 2027, at 9:00 a.m.** and will be held via videoconference.

The parties are **DIRECTED** to jointly prepare a proposed pretrial order, and the plaintiff shall ensure that the proposed pretrial order is received by the court on or before **February 25, 2027,** by sending a MS Word version of the proposed pretrial order by email to chambers (lewischambers@almd.uscourts.gov). A sample pretrial order can be found on the court's webpage.

This cause is set for jury selection and trial during the term of court commencing **April 19, 2027, at 10:00 a.m.** in Montgomery, Alabama.

**SECTION 2: Dispositive (Summary Judgment) Motions.** Dispositive motions (*e.g.*, motions for summary judgment) shall be filed no later than **November 4, 2026.** Throughout these proceedings, the parties shall follow all instructions in the court's Initial Order, including all instructions regarding motion practice (*see* IV. Motion Practice at pages 8–12 and Appendix II). The court's Initial Order and Appendix II to it can be found on the court's webpage.

***Daubert* motions** shall be filed on or before the above dispositive motions deadline, unless the deadline is modified by the Court upon motion of a party demonstrating good cause.

**SECTION 3: Settlement Conference & Mandatory Mediation.** No later than **October 5, 2026,** counsel for all parties shall conduct a **telephone** settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss mediation of the case with a United States Magistrate Judge or a private mediator.

No later than **seven (7) days** after that telephone settlement conference, counsel for all parties shall: (1) confer with their respective client(s) about mediation; (2) confer again with opposing counsel about mediation and their respective clients' position regarding mediation; and (3) file a **joint status report** setting forth whether they will mediate the case with a private mediator or a United States Magistrate Judge. If they will mediate with a private mediator, the joint status report shall also set forth the name of the mediator and the date of the mediation. If they will mediate with a Magistrate Judge, they shall provide four (4) agreed upon dates for the mediation. The parties shall endeavor to mediate the case within **forty-five (45) days** of the settlement conference. The parties shall note that the court generally deems the obligation to mediate as mandatory, and as such, the parties will be expected to mediate the case unless good cause is provided for not mediating the case.

Lead counsel for each party, the parties' or party's representative, and any necessary representative with full settlement authority shall attend the mediation. Unexcused absence from mediation or failure to participate in good faith is sanctionable. Within **seven (7) days** after the mediation, the parties shall file a joint report certifying participation by the parties and/or representatives and advising the court of the result of the mediation (settled or not settled).

**SECTION 4: Amendments to Pleadings.** Amendments to the pleadings must be filed with a motion for leave or by notice of consent pursuant to Federal Rule of Civil Procedure 15, and shall be filed on or by:

For the plaintiff, on or before **May 4, 2026.**

For the defendant, on or before **May 18, 2026.**

A copy of the proposed amended pleading must accompany any motion for leave or notice of consent.

**SECTION 5: Class Certification.** Neither party has alleged that this is a class action. No motion for class certification may be filed without prior leave of court.

**SECTION 6: Responses to Motions.** The failure to file a response to any motion—either dispositive or non-dispositive—within the time allowed by the court shall indicate that there is no opposition to the motion.

**SECTION 7: Discovery Cutoff.** All discovery shall be completed on or before **October 5, 2026**, except that, as to any witnesses whose names are not revealed until the last day allowed under Section 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the deadline in this paragraph extended to allow for deposing such witnesses.

**SECTION 8: Expert Witness Disclosures**. The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involve giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff, on or before **August 6, 2026.**

From the defendant, on or before **September 7, 2026.**

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony. Unless an objection is filed within 14 days after

3

disclosure of any expert witness, the disclosure shall be deemed to be in full compliance with the Rule.

**SECTION 9: Trial Witness Lists.** No later than **March 8, 2027,** each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file a <u>list</u> of all its witnesses and provide to all other parties the addresses and telephone numbers of all witnesses, except witnesses to be used solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under Section 8. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from calling any witness not so identified. Objections to any witness identified must be filed no later than **March 22, 2027,** and shall set out the grounds and legal authority. The offering party shall file a written response to objections no later than **March 29, 2027.**

**SECTION 10: Deposition Designations.** No later than **March 8, 2027,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition designations that the parties expect to use at trial. Designations must be by page and line numbers, based on counsel's good faith opinion that they are relevant and admissible. Designation of entire depositions is not allowed. Adverse parties shall within seven (7) days thereafter file deposition designations expected to be used in response, and a party shall within three (3) days of the designation of such responsive parts file the designation of any part that is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written objections are filed on or before **March 22, 2027,** each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated. Objections shall state with particularity the portions objected to, and the objecting party shall attach a copy of the portions to which the objections apply. The offering party shall file a written response to objections no later than **March 29, 2027.**

**SECTION 11: Trial Exhibits.** No later than **March 8, 2027,** the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, file exhibit lists and furnish opposing counsel for copying and inspecting all exhibits and tangible evidence to be used at the trial. All exhibits shall be pre-

marked for identification at trial at this time. The list shall identify specifically and separately by exhibit number each document to be offered, and general or bulk designations are not allowed. Additionally, no later than **March 8, 2027,** the parties shall provide chambers with a PDF file containing all anticipated trial exhibits (including pictures of any physical exhibits) pre-marked for identification at trial. The PDF file may be submitted by email to chambers (lewischambers@almd.uscourts.gov). Unless specifically agreed between the parties or allowed by the court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. <u>Except to the extent written objections are filed, the evidence shall be deemed genuine and admissible in evidence. Objections shall be filed no later than **March 22, 2027,** and shall set forth the grounds and legal authorities. The offering party shall file a written response to the objections no later than **March 29, 2027,** and shall include a pre-marked copy of the evidence at issue.</u> In the event that the identification markings of the exhibits must change due to the court's ruling on a pre-trial objection, the court will direct the parties at that time to provide an updated exhibit list to opposing counsel and the court.

**SECTION 12: Discovery Plan.** Except to the extent of any conflict with the deadlines set out herein, the Discovery Plan contained in the *Report of Parties' Planning Meeting* (doc. 15) is adopted and incorporated herein.

**SECTION 13: Voir Dire, Motions in Limine, and Jury Charges.** The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, on or before **March 22, 2027,** unless said time is shortened by the court on motion of either party. Objections to motions in limine, fully briefed, must be filed on or before **March 29, 2027.** Trial counsel are directed to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's <u>webpage</u>.

**SECTION 14: Trial Date Defined.** In cases involving jury trials, the term "trial date" as used in the foregoing deadlines shall mean the date set for jury selection. Trial terms typically last for two weeks, and therefore the parties shall be prepared to try their case at any time during that two-week trial term, even if jury selection occurs on the first day of the trial term.

**SECTION 15: Motions to Extend Deadlines.** (*See* the court's Initial Order, available on the <u>webpage</u>, for additional instructions pertaining to motions for

extension of time). A request or motion for extension of a deadline (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright. *As stated in the court's Initial Order, motions for extension of time must be filed three or more days before the deadline sought to be extended.*

Per the court's Initial Order, requests for extensions of the discovery or dipositive motion deadlines will not be granted absent extraordinary cause.

If a party moves for an extension of any <u>discovery</u> deadline, that party shall set forth the following within the motion: (1) identification of the remaining discovery that is needed and (2) identification of the discovery that has already taken place, including the dates that written discovery was propounded; the dates that responses to the written discovery were provided; the dates of any depositions that have been taken, including the names of the deponents; and information regarding depositions that have been requested but not yet been taken. The court expects counsel to proactively engage in discovery once the discovery period has opened. Retained plaintiff counsel who file a suit are expected to proactively prosecute their case, and retained defense counsel are expected to proactively defend the case. As such, failure to show adequate progress with discovery may result in denial of a motion for extension.

As required by the court's initial order, any proposed order that a party desires the court to enter should be submitted to the court in both (i) an Adobe Acrobat PDF format attachment to the motion and (ii) by transmitting an electronic copy of the proposed order to the court as an attachment to an email message sent to, lewischambers@almd.uscourts.gov. For these purposes, the electronic copy should be in MS Word format and not in Adobe Acrobat PDF format. If the proposed order relates to discovery matters (*e.g.*, a HIPAA order, protective order or confidentiality order), an electronic copy of the proposed order shall be sent to the e-mail address of the assigned Magistrate Judge whose address may be found at their webpage at https://www.almd.uscourts.gov/judges.

If any party has an objection to these deadlines, that party shall file an objection within **fourteen (14) days** from the date of this Order; otherwise, the court will assume that the deadlines are agreeable to all parties. Unless this Order is modified by subsequent Order of the court, the provisions herein are binding on the parties.

**DONE** and **ORDERED** on this the 18th day of February, 2026.

_____
**BILL LEWIS**
UNITED STATES DISTRICT JUDGE